J. LUKE RUSHING (Bar ID 350521)
jlrushing@huthreynolds.com
**HUTH REYNOLDS LLP**
41 Cannon Court
Huntington, NY 11743
(631) 263-3648

*Counsel for Plaintiff
20230930-DK-Butterfly-1, Inc.,
formerly known as Bed Bath & Beyond Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 20230930-DK-BUTTERFLY-1, INC., <br><br> Plaintiff, <br><br> v. <br><br> APEX LOGISTICS INTERNATIONAL INC. <br><br> Defendant. | CASE NO. <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ENFORCE ADMINISTRATIVE SUBPOENA** |

20230930-DK-Butterfly-1, Inc. ("BBBY"), through its attorneys, Huth Reynolds LLP, respectfully seeks an Order from this Court directing Apex Logistics International Inc. ("Apex") to comply with an administrative subpoena duces tecum issued by the Administrative Law Judge overseeing Federal Maritime Commission ("FMC") Case No. 25-01. This Motion is made pursuant to Fed. R. Civ. P. 81(a)(5), 46 U.S.C. § 41308, and 46 CFR § 502.150(c). As explained herein, Apex has ignored the subpoena and failed to respond to BBBY's reasonable efforts to obtain Apex's compliance with the subpoena. Apex has provided no reason for its noncompliance.

**BACKGROUND AND PROCEDURAL HISTORY**

In December 2024, BBBY filed a Complaint with the FMC against BAL Container Line Co., Limited ("BAL"), alleging violations of the Shipping Act of 1984, 46 U.S.C. § 40101, *et seq.* (Declaration of John Mitchell in Support of Motion to Enforce Administrative Subpoena ¶ 4; Ex. 1.) The matter is captioned *20230930-DK-Butterfly-1, Inc. v. BAL Container Line Co., Limited*, Case No. 25-01 (the "FMC Proceeding").

BBBY is the former Bed Bath & Beyond Inc. BAL is an ocean carrier. During the period relevant to the FMC Proceeding, BAL was a vessel operating "ocean common carrier" as defined by 46 U.S.C. § 40102(18). In its Complaint, BBBY alleged that BBBY shipped cargo on BAL vessels to ports in the United States. BBBY further alleged that BAL took advantage of pandemic-related disruptions to the container shipping sector and unfairly charged BBBY detention and demurrage costs for reasons outside of BBBY's control. (Ex. 1.) Apex is a logistics company and non-vessel operating common carrier ("NVOCC")[1] licensed by the FMC (License No. 019449).

---

[1] As one court explained, an NVOCC "is one who holds himself or herself out to provide transportation for hire by water in interstate commerce, or in commerce from the United States who assumes or has liability for safe transport and who does not operate the vessel on which the goods are transported. Thus an NVOCC is comparable to a surface freight forwarder who undertakes to deliver the cargo to destination. An NVOCC will issue a bill of lading to the shipper but does not undertake the actual transportation of the cargo. Instead the NVOCC delivers the shipment to an ocean carrier for transportation." *Royal & Sun Alliance Ins., PLLC v. Ocean World Lines, Inc.*, 612 F.3d 138, n. 2 (2d Cir. 2010).

During discovery, BAL asserted that BBBY cargo carried by BAL was booked through NVOCCs. BAL produced documentation that indicated Apex was a NVOCC with respect to BBBY shipments carried by BAL. (Mitchell Decl. ¶ 5.) In light of Apex's involvement with BBBY cargo carried by BAL at issue in the case, BBBY sought third-party discovery from Apex. On September 19, 2025, Chief Administrative Law Judge Erin M. Wirth signed a subpoena duces tecum commanding Apex to produce to BBBY's counsel, the documents requested in the accompanying exhibit containing BBBY's Requests for Production. (*Id.* ¶ 6; Ex. 2.)

BBBY's counsel immediately sent Apex the signed subpoena by email, inquired if Apex would accept service by email, and offered to discuss the subpoena and answer any questions Apex might have. (Mitchell Decl. ¶ 7; Ex. 4.) BBBY's counsel followed up twice by email within a reasonable time period and received only one response from Apex's counsel; however, the response did not confirm if email service was acceptable. (Mitchell Decl. ¶ 8.) Accordingly, BBBY caused personal service of the subpoena to be made at Apex's head office and registered business address in Rancho Dominguez, Los Angeles County, on November 14, 2025. (Mitchell Decl. ¶ 9; Ex. 3.) Because Apex had still not complied with the subpoena, BBBY's counsel emailed Apex's counsel on December 5, 2025, left a voicemail with Apex's counsel on December 9, 2025, and then called and emailed Apex's counsel on December 16, 2025. (Mitchell Decl. ¶¶ 10-12.) The purpose of these follow-up attempts was to seek Apex's cooperation and avoid the need for formal litigation. On December 26, 2025, BBBY filed a Notice of Intent to Enforce Subpoena Against Third Party Apex Logistics International Inc. with the FMC. (*Id.*

¶ 13; Ex. 5.) BBBY sent a copy of this notice to Apex's counsel on December 30, 2025. (Mitchell Decl. ¶ 13.) Despite BBBY's multiple attempts, Apex's counsel has not communicated with BBBY since Apex was served with the subpoena. (*Id.* ¶ 14.)

## **ARGUMENT**

FMC Administrative Law Judges are empowered to issue subpoenas to nonparties and district courts are statutorily tasked with enforcing them. The FMC is an independent federal agency that administers certain maritime legislation, including the Shipping Act of 1984, as amended (46 U.S.C. § 40101 *et seq.*) (the "Shipping Act"). The FMC has authority to investigate and adjudicate disputes arising under the Shipping Act. *See* 46 U.S.C. §§ 41301-41310; 46 CFR §§ 502.131, 502.146(c). As part of this authority, the FMC has "broad investigatory powers, including the ability to subpoena witnesses and evidence, 46 U.S.C. § 41303(a)(1), and issue sanctions for delay, *id.* § 41302(d), which can be enforced via application to a district court, *id.* § 41308". *In re Vehicle Carrier Servs. Antitrust Litig.*, No. 13–3306 (ES), 2015 WL 5095134 at *13 (D.N.J. Aug. 28, 2015). FMC proceedings are "overwhelming[ly]" similar to civil litigation; the role of an ALJ presiding over an FMC proceeding is "similar to that of an Article III judge". *Fed. Mar. Comm'n v. S. Carolina State Ports Auth.*, 535 U.S. 743, 758-59 (2002).

Under the Shipping Act, a district court must enforce a duly issued FMC subpoena against a noncompliant party in its jurisdiction. 46 U.S.C. § 41308(a) states: "If a person does not comply with a subpoena or order of the Federal Maritime Commission . . . an injured party, may seek enforcement in a district court of the

United States having jurisdiction over the parties. If, after hearing, the court determines that the subpoena or order was regularly made and duly issued, the court shall enforce the subpoena or order."

By regulation, the FMC has established timing rules for enforcing FMC subpoenas in a district court: first, "[a]ny action with respect to enforcement of subpoenas or orders relating to depositions, written interrogatories, or other discovery matters must be taken within 20 days of the date of refusal to obey or failure to comply"; and second, a "private party must advise the Commission 5 days (excluding Saturdays, Sundays and legal holidays) before applying to the court of its intent to seek enforcement of such subpoenas and discovery orders." 46 CFR § 502.150(c). The 20-day period runs from the date that the subpoenaed party "inform[s]" the party seeking the evidence that it will not comply. *See Matter of Delaware River Stevedores*, 178 F.R.D. 51, 54 (E.D. Pa. 1997).

The subpoena here was regularly made and duly issued and signed by Chief Administrative Law Judge Wirth on September 19, 2025. (Mitchell Decl. ¶ 6; Ex. 2.) The subpoena was issued for the legitimate purpose of investigating a dispute properly before the FMC. Issuing the subpoena was within the FMC's powers. The documents covered by the subpoena are plainly relevant to the FMC Proceeding. Personal service of the subpoena was duly accomplished on November 14, 2025. (Mitchell Decl. ¶ 9; Ex. 3.)

To date, Apex has not complied with the subpoena. At the same time, Apex has not "informed" BBBY that it will not comply with the subpoena. *Matter of Delaware River Stevedores*, 178 F.R.D. at 54. Apex has not moved to quash the

1  subpoena. After effectuating personal service on Apex, BBBY made four attempts
2  over the course of twelve days to reach Apex's counsel in an effort to avoid litigation
3  but received no response. (Mitchell Decl. ¶¶ 10-12.) In addition to these four
4  outreach attempts, six days before filing this Motion, BBBY emailed Apex with
5  formal notice of BBBY's intent to file this action—providing Apex yet another
6  opportunity to cooperate with BBBY. (*Id.* ¶ 13.) In view of these facts, BBBY
7  believes that Apex does not intend to comply and further informal efforts to gain
8  compliance would be fruitless.  Pursuant to 46 CFR Section 502.150(c), BBBY was
9  required to give the FMC notice of its intent to seek enforcement of the subpoena
10 with the FMC at least five business days prior to seeking enforcement in a district
11 court. BBBY satisfied this requirement by filing a Notice of Intent to Enforce
12 Subpoena in the FMC Proceeding on December 26, 2025. (Mitchell Decl. ¶ 13; Ex.
13 5.) Finally, Apex resides in Los Angeles County within this Court's jurisdiction.
14 Therefore, the Court is empowered and instructed by the Shipping Act to enforce the
15 subpoena duces tecum.

16       For these reasons, BBBY respectfully requests that this Court grant BBBY's
17 Motion and issue an Order directing Apex to comply with the subpoena without
18 further delay.

19 **CONCLUSION**

20       This Court should: (1) grant BBBY's Motion; and (2) enter an Order enforcing
21 the FMC subpoena duces tecum and compelling Apex to fully comply within 14
22 days of the Court's Order.

23

| | | |
|---|---|---|
| 1 | Dated:  January 5, 2026 | Respectfully submitted, |
| 2 | | |
| 3 | | By:  /s/ *J. Luke Rushing* |
| 4 | | HUTH REYNOLDS LLP<br>J. Luke Rushing (Bar ID 350521)<br>jlrushing@huthreynolds.com |
| 5 | | (631) 263-3648 |
| 6 | | 41 Cannon Court<br>Huntington, NY 11743 |
| 7 | | *Counsel for 20230930-DK-Butterfly-1, Inc., formerly known as Bed Bath &* |
| 8 | | *Beyond Inc.* |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for 20230930-DK-Butterfly-1, Inc., certifies that this brief contains 1495 words, excluding the caption, signature block, and this certification, which:

　X　complies with the word limit of L.R.11-6.1

Dated:  January 5, 2026                     By: J. Luke Rushing
                                            /s/ *J. Luke Rushing*
                                            H<small>UTH</small> R<small>EYNOLDS</small> LLP

                                            *Counsel for 20230930-DK-Butterfly-1, Inc., formerly known as Bed Bath & Beyond Inc.*