1  J. LUKE RUSHING (Bar ID 350521)
   jlrushing@huthreynolds.com
2  **HUTH REYNOLDS LLP**
   41 Cannon Court
3  Huntington, NY 11743
   (631) 263-3648
4
   *Counsel for Plaintiff*
5  *20230930-DK-Butterfly-1, Inc.,*
   *formerly known as Bed Bath & Beyond Inc.*
6
                **IN THE UNITED STATES DISTRICT COURT**
7               **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

8

   | 20230930-DK-BUTTERFLY-1, INC., | CASE NO. |
   |---|---|
   | Plaintiff, | |
   | v. | |
   | APEX LOGISTICS INTERNATIONAL INC. | |
   | Defendant. | |

9
            **DECLARATION OF JOHN MITCHELL IN SUPPORT OF**
10          **MOTION TO ENFORCE ADMINISTRATIVE SUPBOENA**

11  I, John Mitchell, declare as follows:

12      1.    I am an associate of the law firm Huth Reynolds LLP, which has served

13  as counsel of record for 20230930-DK-Butterfly-1, Inc., formerly known as Bed

14  Bath & Beyond Inc. ("BBBY") in connection with a proceeding before the Federal

1

Maritime Commission ("FMC"), captioned *20230930-DK-Butterfly-1, Inc. v. BAL Container Line Co., Limited*, Case No. 25-01 (the "FMC Proceeding").

2. I have personal knowledge of the facts set forth in this declaration and, if called and sworn as a witness, could and would competently testify to them. I submit this declaration in support of BBBY's Motion to Enforce Administrative Subpoena filed contemporaneously herewith.

3. The FMC Proceeding involves claims by BBBY pursuant to the Shipping Act of 1984, 46 U.S.C. § 40101, *et seq.*, against BAL Container Line Co., Limited ("BAL"), an ocean carrier (and non-party herein).

4. Attached hereto as **Exhibit 1** is a true and correct copy of BBBY's Complaint filed on December 31, 2024.

5. Documentation produced during the course of discovery in the FMC Proceeding showed that Apex served as a non-vessel operating common carrier ("NVOCC") that carried cargo at issue in the case, and indicated that Apex likely possessed unique documents relevant to the case.

6. In connection with the FMC Proceeding, BBBY served Apex with a subpoena duces tecum. The subpoena duces tecum was signed by Chief Administrative Law Judge Erin M. Wirth on September 19, 2025. Attached hereto as **Exhibit 2** is a true and correct copy of the subpoena duces tecum signed by Chief

1  Administrative Law Judge Wirth, including the exhibits that accompanied the
2  subpoena.

3      7.    Counsel for BBBY originally sent the subpoena duces tecum to Apex
4  by email on September 19, 2025, with a request for confirmation if Apex accepted
5  service by email. The email noted that BBBY was open to discussing the subpoena
6  with Apex and answering any questions Apex might have. No one from Apex replied
7  to this email.

8      8.    On October 31, 2025, the undersigned counsel sent a follow-up email,
9  re-attaching the subpoena, asking if Apex would accept service by email or would
10 require service by a process server, and offering to discuss or answer any questions.
11 Later that day, Apex executive Leo M. Garonski, identified as "VP & General
12 Counsel, Americas," responded, with apparent confusion, that he had not received a
13 subpoena. I replied to clarify that the subpoena was originally sent by email and
14 asked again if Apex would accept service by email. However, Mr. Garonski did not
15 answer the question or reply to my email.

16     9.    I then initiated service by a process server. Apex was personally served
17 with the subpoena on November 14, 2025. Attached hereto as **Exhibit 3** is a true and
18 correct copy of the affidavit of service.

19     10.    I sent Mr. Garonski an email on December 5, 2025 to inquire if Apex
20 intended to comply with the subpoena.

11. I made two unsuccessful attempts to reach Mr. Garnoski by telephone for the purpose of seeking Apex's cooperation with the subpoena in an effort to avoid the need to pursue formal litigation (including this enforcement action) against Apex. I called the telephone number provided in Mr. Garonski's email signature on December 9, between the hours of 4 p.m. and 5 p.m. eastern, leaving a short message asking for my call to be returned. I called again on December 16, 2025, between the hours of 3 p.m. and 4 p.m. eastern, which went straight to voicemail, and did not leave a message. Both calls were during regular business hours for both the East Coast and California. The automated voice message clearly stated that the number was Mr. Garonski's office.

12. I made a final attempt to follow-up, by email, on December 16, 2025. Attached hereto as **Exhibit 4** are true and correct copies of this email, together with the other emails referenced in paragraphs 7, 8, 10, and 13 of this Declaration.

13. Attached hereto as **Exhibit 5** is a true and correct copy of the Notice of Intent to Enforce Subpoena Against Third Party Apex Logistics International Inc. that BBBY filed with the FMC on December 26, 2025. I emailed Mr. Garonski a copy of this notice on December 30, 2025.

14. As of 5:00 pm Eastern time on January 5, 2025, Apex has not returned any of my calls or emails, and has not otherwise confirmed that it will comply with the subpoenas duly served in connection with the FMC Proceeding.

4

1       I declare under penalty of perjury that the foregoing is true and correct to the

2   best of my knowledge.

3   Executed on January 5, 2025.

                                                */s/ John Mitchell*

4                                            John ("Jack") Mitchell
                                           Huth Reynolds LLP

5                                            41 Cannon Court
                                           Huntington, NY 11743

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20