Before the

FEDERAL MARITIME COMMISSION

Washington, D.C. 20573

Docket No. 25-01

20230930-DK-BUTTERFLY-1, INC.

v.

BAL CONTAINER LINE CO., LIMITED
-----

**<u>SUBPOENA DUCES TECUM TO A NON-PARTY</u>**

**TO:**   **APEX LOGISTICS INTERNATIONAL INC.**
      **18554 S. Susana Road**
      **Rancho Dominguez, CA 90221**

    **YOU ARE HEREBY COMMANDED**, pursuant to Title 46, U.S. Code, Section 41303 and Title 46 of the Code of Federal Regulations, Section 502.131 *et seq.*, to produce to Huth Reynolds LLP, the attorneys for Complainant 20230930-DK-Butterfly-1, Inc. ("BBBY" or Complainant")[1] in the above-captioned adjudicatory proceeding (the "Action"), within twenty (20) days after service of this subpoena the documents requested and in the manner set forth in the Definitions, Instructions, and Requests for Production found in Exhibit A attached hereto.[2] Failure to comply with this subpoena may result in a finding of contempt and other penalties.

    You have the right to object, by motion and with notice to the party requesting this subpoena, at any time prior to the date set forth in this subpoena for compliance. *See* 46 C.F.R.

---

[1] Bed Bath & Beyond Inc. filed a change of name certificate with the New York State Division of Corporations, State Records, and Uniform Commercial Code on September 21, 2023 by and through which Bed Bath & Beyond Inc. changed its corporate name to 20230930-DK-Butterfly-1, Inc.

[2] A copy of the protective order governing discovery in this Action is attached hereto as Exhibit B.

Section 502.132. Should you choose to object, you should communicate in writing your reasons for your objection with respect to each item or category to which you object. If production is withheld on a claim that the contents at issue are subject to the attorney-client privilege, the attorney work product doctrine, or other protection, that claim shall be made expressly and shall be supported by a description that is sufficient to enable the demanding party to contest the claim.

Dated September 19 , 2025

Hon. Erin M. Wirth
Chief Administrative Law Judge

# EXHIBIT A

TO:    **APEX LOGISTICS INTERNATIONAL INC.**
       **18554 S. Susana Road**
       **Rancho Dominguez, CA 90221**

Please produce documents and electronically stored information responsive to the Requests for Production below electronically by a secure online file transfer service link to Karl Huth (at huth@huthreynolds.com), Matthew Reynolds (at reynolds@huthreynolds.com), Zachery Morris (at zmorris@huthreynolds.com), Mohini Priya (at mpriya@huthreynolds.com), and Gregory Crapanzano (at gcrapanzano@huthreynolds.com) of Huth Reynolds LLP. Documents and electronically stored information must be produced in accordance with the Definitions and Instructions set forth below.

### DEFINITIONS

1.    The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2.    The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in 46 C.F.R. § 502.146(A)(1)(i). A draft or non-identical copy is a separate document within the meaning of this term.

3.    The term "concerning" means relating to, referring to, with respect to, with regard to, describing, evidencing, or constituting.

4.    The terms "You" and "Your" shall mean APEX LOGISTICS INTERNATIONAL INC., and all parents, subsidiaries, owners, shareholders, affiliates, branches, satellite offices, predecessors, successors, members, partners, joint venture partners, officers, directors, executives, managers, employees, crew, agents, charterers, representatives, attorneys, experts, investigators, and insurers of APEX LOGISTICS INTERNATIONAL INC.

5.      The term "BBBY" shall mean Complainant 20230930-DK-Butterfly-1, Inc., formerly known as Bed Bath & Beyond Inc., the Complainant in the above-captioned adjudicatory proceeding, and all parents, subsidiaries, owners, shareholders, affiliates, predecessors, successors, members, partners, joint venture partners, officers, directors, executives, managers, employees, agents, charterers, representatives, attorneys, experts, investigators, and insurers of Complainant 20230930-DK-Butterfly-1, Inc., formerly known as Bed Bath & Beyond Inc.

6.      The term "BAL" shall mean BAL Container Line Co., Limited, the Respondent in the above-captioned adjudicatory proceeding, and all parents, subsidiaries, owners, shareholders, affiliates, predecessors, successors, members, partners, joint venture partners, officers, directors, executives, managers, employees, crew, agents, charterers, representatives, attorneys, experts, investigators, and insurers of BAL Container Line Co., Limited.

7.      The term "BBBY Cargo" shall mean any shipment or cargo owned by BBBY, for which transportation or carriage was or is sought for the account of BBBY, that was or is to be delivered to BBBY, or for which notice of BBBY's space requirements was provided.

## INSTRUCTIONS

1.      Unless otherwise specified, these Requests for Production seek documents, communications, and/or information from on or after January 1, 2021.

2.      The following rules of construction also apply to all Requests for Production:

   a.      The terms "all," "any," and "each" shall each be construed as encompassing any and all.

   b.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

    c.       The use of the singular form of any word includes the plural and vice versa.

    d.       The masculine gender of any word used herein includes the feminine, and vice versa.

    e.       The word "including" shall mean "including without limitation."

    f.       The use of a verb in any tense, mood, or voice shall be construed as the use of the verb in all tenses, moods, or voices, as necessary to bring within the scope of a Request for Production all information that might otherwise be construed to be outside of its scope.

3.      All hard-copy documents responsive to these Requests for Production shall be produced as scanned, color, sequentially Bates numbered portable document format (i.e., PDF) files.  All electronically stored information ("ESI") responsive to these Requests for Production shall be produced both in native format and as sequentially Bates numbered portable document format (i.e., PDF) files, except for Excel worksheets and any other ESI files that are difficult to format as PDF files, which shall be produced in native format with placeholder PDF files.  Each native-format ESI file produced shall be named per the Bates number of the first page of the corresponding PDF file for that ESI file (i.e., its "BegNo").

4.      If You consider any document, communication, and/or information requested by any of these Requests for Production to be subject to withholding from production due to the attorney-client privilege, the attorney work product doctrine, any joint defense or common interest privilege, or any other privilege, then please provide for each such document, communication, and/or piece of information identifying information sufficient to show for each document the author(s)/sender(s), recipient(s), date(s), subject line or title, and description of the privilege that You contend applies.

## REQUESTS FOR PRODUCTION

1.      All documents and communications containing ocean freight container numbers for carriage by BAL of BBBY Cargo, including, but not limited to, the container numbers listed in the attached Appendix A.

2.      All documents and communications concerning any detention or demurrage charges assessed against BBBY by any entity for carriage by BAL of BBBY Cargo, any acceptance, confirmation, refusal, rejection, or cancellation of any such charges, and any reasons therefor.

3.      All documents and communications concerning any invoice, bill of lading, or other contractual arrangement regarding carriage by BAL of BBBY Cargo.

| APPENDIX A | | |
|---|---|---|
| BURU6700020 | CHSU8116755 | BURU665542 |
| CICU2261041 | CHSU8109186 | BURU6699192 |
| CHSU8118470 | BURU6698576 | BURU665549 |
| CHSU8116230 | CHSU8103378 | BURU661104 |
| CHSU8117129 | BURU6620855 | BURU665595 |
| BURU6669480 | BURU6623303 | BURU661121 |
| BURU6671580 | BURU6622539 | BURU665553 |
| BURU6669480 | BURU6623371 | BURU691251 |
| BURU6671580 | CHSU8109144 | BURU691362 |
| CICU2261062 | BURU666645 | BURU661053 |
| BURU6672078 | BURU665024 | BURU662282 |
| BURU6672078 | BURU665554 | BURU665384 |
| BURU6671744 | FLSU6002230 | BURU664628 |
| CHSU8116713 | SDMU493174 | BURU664632 |
| BURU6700101 | BURU669762 | BURU665375 |
| BURU6671744 | BURU6647250 | BURU660767 |
| CHSU8116713 | BURU691056 | BURU664740 |
| BURU6699314 | BURU661196 | BURU662265 |
| BURU6698046 | BURU669937 | BURU665387 |
| CHSU8121469 | BURU660121 | CHSU8119013 |
| BURU6698046 | BURU660373 | BURU6694591 |
| CHSU8121469 | BURU662058 | BURU664638 |
| BURU6699649 | BURU664618 | BURU664570 |
| BURU6671750 | BURU665388 | BURU662206 |
| CHSU8121010 | PCIU462381 | BURU665392 |
| BURU6671908 | BURU665253 | CHSU812109 |
| CHSU8118439 | BURU665385 | BURU662278 |
| CHSU8115234 | CICU220132 | BURU664639 |
| BURU6699802 | BURU660509 | BURU664626 |
| CICU2326543 | CHSU811742 | BURU665386 |
| CHSU8116924 | MCCU301150 | BURU6694570 |
| CHSU8118228 | BURU661193 | BURU6647157 |
| BURU6672099 | CICU220131 | BURU6693445 |
| CHSU8116755 | BURU665027 | BURU6695875 |
| CHSU8116694 | BURU665538 | BURU6646398 |

# EXHIBIT B

# FEDERAL MARITIME COMMISSION
## Office of Administrative Law Judges

20230930-DK-BUTTERFLY-1, INC., *Complainant*

v.

BAL CONTAINER LINE CO., LIMITED, *Respondent.*

**DOCKET NO. 25-01**

Served: May 8, 2025

**ORDER OF**:  Erin M. WIRTH, *Chief Administrative Law Judge*.

### ORDER ENTERING PROTECTIVE ORDER

On April 30, 2025, the parties filed a joint motion requesting entry of a protective order and attached the proposed protective order. The motion states that issuance of a "protective order is necessary and required to enable the parties to fully respond to discovery requests, which may cover information and documents that are confidential, proprietary, and/or commercially sensitive." Motion at 1.

The initial order issued in this proceeding states that: "The parties may agree and stipulate between themselves regarding treatment of confidential documents and information obtained during discovery that is not filed with the Commission. The parties may, but are not required to, file a courtesy copy of the agreement with the Commission." Initial Order at 4. The proposed protective order is a stipulation between the parties and is reasonable. The protective order will not determine what documents are entitled to confidential treatment when they are filed in the proceeding or used in a decision.

The parties have established good cause to enter the protective order. Accordingly, the joint motion is **GRANTED**, and it is hereby **ORDERED** that the protective order be entered as an order in this proceeding.

Erin M. Wirth
Chief Administrative Law Judge

## BEFORE THE FEDERAL MARITIME COMMISSION
## WASHINGTON, D.C.

```
-------------------------------------------------------------X
20230930-DK-BUTTERFLY-1, INC.                :
                                             :
                Complainant,                 :
                                             :
        v.                                   :        FMC Docket No.: 25-01
                                             :
BAL CONTAINER LINE CO., LIMITED              :
                                             :
                                             :
                Respondent.                  :
-------------------------------------------------------------X
```

### JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER

Complainant and Respondent, by and through the undersigned counsel, jointly move pursuant to Rule 46 C.F.R. § 502.141(j) of the Commission's Rules of Practice and Procedure, for entry of a protective order in connection with the above-captioned proceeding. Issuance of a protective order is necessary and required to enable the parties to fully respond to discovery requests, which may cover information and documents that are confidential, proprietary, and/or commercially sensitive. A proposed protective order is attached for consideration by the Presiding Officer.

The parties have jointly drafted and agreed to the terms of the Protective Order attached hereto and request that the Presiding Officer grant this Joint Motion for Entry of Protective Order.

Dated: April 30, 2025                          Respectfully submitted,

HUTH REYNOLDS LLP                     THEODORA ORINGHER

*/s/ J. Zachery Morris*                         */s/ Bryce Cullinane*
Karl C. Huth                                    Bryce Cullinane, CASB No. 307079
(212) 731-9333                                  bcullinane@tocounsel.com
huth@huthreynolds.com                           535 Anton Boulevard, Ninth Floor
Matthew J. Reynolds                             Costa Mesa, California 92626-7109
(646) 872-9353                                  Telephone: (714) 549-6200
reynolds@huthreynolds.com                       Facsimile: (714) 549-6201
J. Zachery Morris
(332) 203-4571                                  *Counsel for Respondent BAL Container Line*
zmorris@huthreynolds.com                        *Co., Limited*
Gregory A. Crapanzano II
(917) 575-3440
gcrapanzano@huthreynolds.com
Mohini P.B. Rarrick
(818) 235-9753
mpriya@huthreynolds.com
Heewan Noh
(202) 420-9628
hnoh@huthreynolds.com
41 Cannon Court
Huntington, NY 11743

*Counsel for 20230930-DK-Butterfly-1, Inc.*

## PROTECTIVE ORDER

Upon stipulation of Complainant 20230930-DK-Butterfly-1, Inc., formerly known as Bed Bath & Beyond Inc ("BBBY" or "Complainant"), and Respondent BAL Container Line Co., Limited ("BAL" or "Respondent"), the Parties, through their respective attorneys, and in order to expedite the exchange of certain confidential information, hereby submit the following proposed Protective Order (the "Order") to the Presiding Officer for due consideration and issuance:

IT IS HEREBY ORDERED THAT:

1. Except as otherwise ordered by the Presiding Officer, this Order shall apply to all documents, answers to interrogatories, answers to requests for admissions, responses to requests for production of documents, responses to subpoenas, deposition transcripts and exhibits, expert materials, or other writings produced, given or filed in this action, and all information derived from any of the foregoing, that are designated as "Confidential" or "Attorneys Eyes Only" in accordance with the terms of this Order.

2. A party (or producing non-party) may designate as "Confidential" any information that is commercially sensitive and is not publicly known, including information provided by third parties to the producing party or non-party with the expectation that the information remain confidential ("Confidential Information"). Confidential Information subject to this Order shall be used solely for purposes of this litigation in accordance with provisions of this Order. Except with the prior written consent of the producing party or non-party or with prior order of the Presiding Officer, Confidential Information and any information derived therefrom may only be disclosed to:

    a. counsel for the parties, including in-house counsel, and their legal, paralegal and clerical staff and printing, copying, and electronic discovery vendors;

    b.   any officers before whom any deposition in this action is taken, including stenographic reporters, videographers, and any necessary secretarial, clerical, or other personnel of such officers engaged for the preparation of verbatim transcripts and/or recordings in this proceeding;

    c.   any person(s) who created or previously received the Confidential Information;

    d.   employees of the Federal Maritime Commission (the "Commission");

    e.   experts retained by a party and their respective personnel; and

    f.   any other person the parties have agreed to in advance in writing.

3. A party (or producing non-party) may designate as Attorneys Eyes Only ("AEO") any information or material whose disclosure to anyone other than outside counsel has a substantial probability of jeopardizing the producing party or non-party's competitive business interests or the competitive or privacy interests of the producing party or non-party's suppliers, service providers, customers or clients, or of an individual party in this proceeding. AEO material subject to this Order shall be used solely for purposes of this litigation in accordance with provisions of this Order. Except with the prior written consent of the producing party or non-party or with prior order of the Presiding Officer, AEO material and any information derived therefrom may only be disclosed to:

    a.   counsel for the parties, including in-house counsel, and their legal, paralegal and clerical staff and printing, copying, and electronic discovery vendors;

    b.   any officers before whom any deposition in this action is taken, including stenographic reporters, videographers, and any necessary secretarial, clerical, or other personnel of such officers engaged for the preparation of verbatim transcripts and/or recordings in this proceeding;

c.  any person(s) who created or previously received the AEO material;

d.  employees of the Federal Maritime Commission (the "Commission"); and

e.  non-party consultants or experts engaged by either Party or their counsel in connection with the prosecution or defense of this action ("Experts") and non-party deposition or trial witnesses, subject to Paragraph 6 hereof.

4.  Information shall be designated by the producing party or non-party as Confidential Information or AEO in the following manner:

a.  in the case of information contained in a document, answer to interrogatory, answer to request for admission, response to request for production of documents, response to subpoena, expert report, or other writing, by stamping or otherwise marking, in such a manner as not to interfere with the legibility of the documents, the label "Confidential" or "Attorneys Eyes Only" / "AEO" on the face thereof at the time of production or copying;

b.  in the case of information contained or revealed in a deposition, whether in a question, answer or exhibit, by noting the designation on the record at the time of the deposition, or within thirty business days after receipt of the deposition transcript for fact depositions and 15 business days after receipt of the deposition transcript for expert depositions. The transcript pages and any associated documents containing confidential information shall be bound separately and shall contain on each page, including the cover page, an appropriate notation identifying it as "Confidential" or "Attorneys Eyes Only" / "AEO".

c.  all Confidential Material which is to be filed with the ALJ or Commission, or materials  containing,  reproducing,  incorporating  or  otherwise  disclosing

5

Confidential Material shall be filed and labeled in accordance with 46 CFR §502.5 and paragraph 19 – 26 of the Initial Order entered in this case on January 17, 2025; and

    d.   in the case of information exchanged prior to the entry of this Order, by procedures adopted by counsel for the parties, which procedures shall be consistent with those specified in subparts (a) – (c) of this paragraph 4.

5.   It is the responsibility of all persons receiving materials containing Confidential Information or AEO material that is properly marked to maintain such materials in a secure and appropriately identified manner.

6.   It is the responsibility of counsel for each party to this action to ensure that those receiving Confidential Information or AEO material properly marked pursuant to this Order have knowledge of the terms of this Order and agree to be bound by them. Prior to any such disclosure, recipients who are approved pursuant to paragraph 2(b) or (f) or 3(e) above must read and agree in writing to abide by the terms of this Order in the form of Exhibit A hereto. A copy of each recipient's written acknowledgment shall be kept by the party divulging the Confidential Information or AEO material.

7.   When serving any discovery request or subpoena upon a non-party, it shall be the obligation of the party requesting such discovery from a non-party to include a copy of this Order when said discovery request or subpoena is served upon the non-party.

8.   Any producing party or non-party may designate any discovery material containing Confidential Information or AEO material that it inadvertently produced without the appropriate confidentiality designation by providing written notice to counsel for all parties identifying the particular discovery material that should have been designated as

"Confidential" or "Attorneys Eyes Only" / "AEO". Such notice must be provided within a reasonable time following the producing party or non-party's discovery that it produced the discovery material subject to such notice without the appropriate confidentiality designation(s).

9.  The designation of information as Confidential or AEO by the producing party or non-party shall not waive or affect in any way the right of the receiving party to contest the designation of confidentiality. The designation of confidentiality may be contested as follows:

   a.  Counsel for the parties shall confer in a good faith effort to resolve any differences.

   b.  Failing agreement of the parties, the party objecting to the designation of information as Confidential or AEO may file an appropriate motion with the Presiding Officer and shall (1) certify that s/he has sought in good faith to confer with opposing counsel and has been unable to resolve the dispute by agreement; and (2) identify by specific category or document number the information for which relief is sought.

   c.  Within ten business days of receiving such a motion, the opposing party or non-party shall respond to the motion by showing with particularity with respect to each challenged item of Confidential or AEO information, the reasons why such information has been properly designated as Confidential or AEO.

   d.  The burden of establishing that information is Confidential or AEO shall be on the party or non-party designating it as such.

   e.  If a response is timely made as provided in subparagraph (c) above, until the motion is ruled upon by the Presiding Officer, the designation of confidentiality shall remain in full force and effect and the information shall continue to be accorded the treatment required by this Order.

10. The production or disclosure of Confidential Information or AEO material shall in no

way constitute a waiver of any sort, including of: (a) any producing party or non-party's right to object to the production or disclosure of other information in this proceeding or in any other proceeding; (b) any objections to discovery or admissibility that any producing party or non-party or receiving party may assert; or (c) the parties' ability to use their own documents, communications, information, or testimony.

11. Nothing herein shall be deemed to waive any attorney-client privilege, attorney work product protection, or similar protection recognized by applicable law, or be deemed an admission as to the admissibility in evidence of any facts, documents, communications, information, or testimony revealed in the course of discovery in this proceeding. In particular, any production of attorney-client privileged, attorney work product, or similarly protected discovery material does not constitute a waiver of any claim of privilege, work product, or other similar protection. A receiving party shall not argue that such a production constitutes a waiver of privilege, work product, or other similar protection and shall promptly return any such inadvertently produced privileged, work product, or similarly protected discovery material upon notification or discovery of the inadvertent production and shall not use the privileged, work product, or other similarly protected information contained therein for any purpose other than to challenge whether such material is protected by the attorney-client privilege, the attorney work product doctrine, or other similar protection, in which case the discovery material being challenged shall be treated as if designated "Attorneys Eyes Only" / "AEO" until such time as the Presiding Officer rules on the privilege protection.

12. If Confidential Information or AEO material in the possession of the receiving party is subpoenaed by any court, administrative or legislative body, or any other person purporting to have authority to subpoena such information, the party to whom the subpoena is directed shall give written notice of the subpoena (including the delivery of a copy thereof) to counsel for the party or non-party that produced the information or documents promptly after the receipt of the subpoena. In the event that the subpoena

purports to require production of such Confidential or AEO information on less than 7 days' notice, the party to whom the subpoena is directed shall give immediate email notice of the receipt of such subpoena, and forthwith deliver a copy thereof, to the attorney for the producing party or non-party.

13. Within thirty days after the conclusion of this proceeding, including any appellate proceedings, all Confidential and AEO information (including copies and documents containing information derived therefrom) shall be destroyed or returned to the producing party or non-party, at the election of the receiving party, provided that documents previously filed with the Commission containing such information may either be destroyed or retained under seal and preserved as confidential in accordance with the terms of this Order.

14. The provisions of this Order shall survive and remain in full force and effect after the conclusion of this proceeding, including any appellate proceedings.

**SO ORDERED,**


Dated: May ___, 2025


_____
Erin M. Wirth
Chief Administrative Law Judge

BEFORE THE

FEDERAL MARITIME COMMISSION

```
-------------------------------------------------------------X
20230930-DK-BUTTERFLY-1, INC., F/K/A          :
BED BATH & BEYOND, INC.,                       :
                                               :
              Complainant,                     :
                                               :
       v.                                      :        FMC Docket No.: 25-01
                                               :
BAL CONTAINER LINE CO., LIMITED                :
                                               :
                                               :
              Respondent.                      :
-------------------------------------------------------------X
```

## EXHIBIT A - PROTECTIVE ORDER

The undersigned, having been requested to assist in connection with the above captioned matter hereby agrees as follows:

1.      I have read the Protective Order entered in this proceeding and agree to abide by its terms.

2.      I agree that any Discovery Material designated as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY" and/or "AEO" which I see, hear, or learn about in connection with this proceeding, including documents and deposition transcripts, may be used solely for the purpose of this proceeding and not for any other purpose.  I agree not to disclose to any person any such Discovery Material designated as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY" and/or AEO except as specifically authorized by the Protective Order.

3.      When this litigation is terminated, either by expiration of the time to appeal or after issuance of the appellate mandate after an appeal, I agree to return to the party and lawyers whom

I am assisting, any Discovery Material and information designated as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY" and/or AEO or to destroy all such Discovery Material.

Dated this ___ day of _____, 2025

_____